MEMORANDUM **
Ismail Haidar Ahmad (“Ahmad”), Ali Haidar Ahmad (wife), Loubna Haidar Ahmad (son), and Jad Ismail Haidar Ahmad (son) (collectively “Petitioners”),[1] natives and citizens of Lebanon, petition for the review of the decision of the Board of Immigration Appeals (“BIA”), adopting an Immigration Judge’s (“IJ”) denial of their request for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252.
Although Ahmad does not challenge the BIA’s finding of no past persecution, this failure does not limit our jurisdiction to consider Ahmad’s remaining claim of a well-founded fear of future persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000) (holding that unfulfilled threats may indicate a danger of future persecution, but generally do not constitute past persecution). Ahmad also does not appeal his claims for withholding of removal or relief under CAT.
The BIA found that Ahmad did not have a well-founded fear of future persecution because (1) after the Syrian army withdrew from Lebanon, there was a fundamental change in country conditions and (2)the alleged persecution by Hizballah was based upon a personal dispute with Talal Amhaz rather than on a protected ground. We grant the petition in part and deny it in part.
(1) To establish a well-founded fear of persecution, Ahmad must demonstrate both a subjective and an objective fear of persecution. See Mejia-Paiz v. INS, 111 F.3d 720, 723 (9th Cir.1997). Ahmad satisfied the subjective component by credibly testifying that he genuinely fears persecution. See id. Therefore, Ahmad needed to “‘show a good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution.’” Ladha v. INS, 215 F.3d 889, 897 (9th Cir.2000) (quoting Duarte de Guinac v. INS, 179 F.3d 1156, 1159 (9th Cir.1999)), overruled on other grounds by Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir.2009) (en banc).
The IJ found that Ahmad did not meet the objective test, because the threats of future persecution were not serious enough. However, the BIA did not adopt this finding and did not address Ahmad’s well-founded fear of persecution. Instead the BIA found Ahmad did not have a fear future persecution because of a change in country conditions.
Our case law requires that “the BIA ... provide an ‘individualized analysis of how changed conditions will affect the specific petitioner’s situation.’ ” Lopez v. Ashcroft, 366 F.3d 799, 805 (9th Cir.2004) (quoting *196 Borja v. INS, 175 F.3d 732, 738 (9th Cir.1999) (en banc)). The BIA did not apply an individual analysis. In fact, the BIA did not address the concerns of the IJ, who noted that (1) despite the withdrawal of the Syrian army, Syrian influence in Lebanon had not ceased and (2) the record evidenced that Hizballah has a close, if not unique, relationship with the Syrians. Thus, the BIA did not make an individualized analysis as to whether the changed country conditions will affect Ahmad’s specific situation. Therefore, substantial evidence does not support the BIA’s decision. Accordingly, we remand to the BIA to determine whether Ahmad has met the requirements for a well-founded fear of future persecution and, if so, to then conduct an individualized assessment of changed country conditions.
(2) Ahmad also asserts a well-founded fear of future persecution from Hizballah, due to the threats he received from Talal Amhaz, a pro-Hizballah supporter. The BIA found that Ahmad did not meet the objective prong. Substantial evidence in the record indicates that (1) the threats that Amhaz and his associates made to Ahmad were not on behalf of Hizballah, but were rather directly correlated to Amhaz’s role in the alleged murder of Ahmad’s friend; and (2) Ahmad’s dispute with Amhaz was based upon a personal dispute rather than upon a protected ground.
PETITION FOR REVIEW IS GRANTED IN PART, DENIED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

. Ahmad's family’s asylum claim is derivative to Ahmad's.